UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Anthony Walker Sowell, #18200-076, | ) C/A No. 3:11-2956-RBH-JRM |
| Plaintiff, | ) |
| vs. | ) |
| Warden John R. Owen, | ) Report and Recommendation |
| Defendant. | ) |

Anthony Walker Sowell (Plaintiff), a federal inmate proceeding *pro se*, brings this civil rights action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971). Plaintiff, who paid the full filing fee, is currently incarcerated at Federal Correctional Institution (FCI) Williamsburg and names the Warden, John R. Owen, as the sole Defendant in this action.[1]

Under established local procedure in this judicial district, a careful review has been made of the pro se Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915A; the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996); and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). As the Plaintiff is a *pro se* litigant, his pleadings are accorded liberal construction. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5 (1980); *Estelle v. Gamble*, 429 U.S. 97 (1976).

---

[1] Title 28 U.S.C. § 1915A (a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

Even under this less stringent standard, however, the undersigned finds and concludes that the *pro se* Complaint is still subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F. 2d 387 (4th Cir. 1990).

## Background

Plaintiff indicates that "it is necessary to accomplish a change of location for my current incarceration in order for me to have a reasonable chance to prepare my § 2255 writ of habeas corpus for the ninth circuit." ECF No. 1, page 3. Plaintiff seeks "home confinement via this civil lawsuit to my mother's South Carolina residence," where Plaintiff's legal files are located. *Id.* at 3-4. Plaintiff states that "it is not practical to transport all of [the] boxes" containing his legal files to FCI Williamsburg. *Id.* Plaintiff further alleges that his family is unable to physically transport the legal materials to the prison, and that Plaintiff would be unable to store the boxes in the "very small space [that] is allowed by USBOP for inmates to store legal documents/materials." *Id.* at 4. Plaintiff also points to medical and neurological deficiencies, which "limit [his] functional abilities" as a reason for home confinement. *Id.* As relief, Plaintiff asks this Court to "[g]rant relocation of my current incarceration to home confinement." *Id.* at 6.

## Discussion

The Complaint is filed pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971), which established a direct cause of action under the United States Constitution against federal officials for the violation of federal constitutional rights. *Carlson v. Green*, 446 U.S. 14,18 (1980); *see also Holly v. Scott*, 434 F.3d 287, 289 (4th Cir. 2006). A *Bivens*

2

claim is analogous to a claim brought against state officials under 42 U.S.C. § 1983, therefore, caselaw involving § 1983 claims is applicable in *Bivens* actions, and vice versa. *See Harlow v. Fitzgerald*, 457 U.S. 800, 814-820, n. 30 (1982); *see also Farmer v. Brennan*, 511 U.S. 825 (1994); *Bolin v. Story*, 225 F.3d 1234, 1241-1242 (11th Cir. 2000); *Campbell v. Civil Air Patrol*, 131 F. Supp. 2d 1303, 1310, n. 8 (M.D. Ala. 2001)("the court shall refer interchangeably to cases" decided under both § 1983 and *Bivens*.).

Plaintiff's place of confinement is the sole issue raised in the instant Complaint. Plaintiff seeks home confinement so that he may more efficiently and effectively prepare a motion under 28 U.S.C. § 2255 to challenge his federal sentence. However, a prisoner does not possess a protected liberty interest in serving his term of imprisonment in a particular institution or program, whether it be in a prison or home confinement. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983)("[A]n inmate has no justifiable expectation that he will be incarcerated in any particular prison within a state."); *Meachum v. Fano*, 427 U.S. 215, 225 (1976). Further, the Bureau of Prisons has complete and absolute discretion regarding where a prisoner is to be held in confinement. *See* 18 U.S.C. § 3621(b); *U.S. v. Alan Lun Wai Ng*, No. 08-4305, 2010 WL 1936381 at **2 (4th Cir. May 14, 2010). As Plaintiff fails to allege the violation of a protected liberty interest, and provides no facts to demonstrate a violation of his constitutional rights by Defendant Owen, the instant case is subject to summary dismissal for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915A.

Recommendation

Accordingly, it is recommended that the Complaint in the above-captioned case be dismissed *without* prejudice.

November 22, 2011  
Columbia, South Carolina

Joseph R. McCrorey  
United States Magistrate Judge

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).