IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Anthony Walker Sowell, #18200-076) | Civil Action No.: 3:11-2956-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Warden John R. Owen, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is now before the Court after the issuance of the Report and Recommendation ("R&R") of United States Magistrate Judge Joseph R. McCrorey.[1] The Magistrate Judge recommends dismissing Plaintiff's action *without prejudice*.

## Factual Background and Procedural History

Plaintiff, a federal prisoner proceeding *pro se*, filed a complaint requesting relief from the Court. Specifically, Plaintiff, who is incarcerated at Williamsburg Federal Correctional Institution, requests home confinement in order to more effectively prepare a motion to vacate his conviction pursuant to 28 U.S.C. § 2255. Admitting that he did not pursue any available administrative remedy and that Defendant and the Federal Bureau of Prisons ("BOP") have no statutory authority to grant home confinement, Plaintiff complains his legal documents are too voluminous and too confidential to house with him at Williamsburg. Moreover, he alleges that home confinement would improve his poor health and, thus, his ability to prepare his § 2255 motion. [Compl. 3-6, ECF No. 1.] The Magistrate Judge issued an R&R recommending dismissal on the basis that Plaintiff's complaint fails

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to the Magistrate Judge for pretrial handling. The Magistrate Judge's review of Plaintiff's complaint was conducted pursuant to the screening provisions of 28 U.S.C. § 1915A(b). The Court is mindful that a liberal construction of the pleadings is required in an action brought by *pro se* litigants such as the Plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

to state a claim upon which relief may be granted. [R&R 3, ECF No. 7.] Plaintiff filed a timely objection to the R&R. [Pl.'s Obj., ECF No. 9.]

## Standard of Review

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

The right to *de novo* review may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.* Moreover, in the absence of objections to the R&R, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). However, in the absence of objections, the Court must " 'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

## Discussion

The Magistrate Judge recommends dismissal of Plaintiff's action *without prejudice*. Plaintiff's objection primarily challenges the Magistrate Judge's characterization of Plaintiff's claim as a mere request for home confinement and serves to "correct[] and clarif[y]" his complaint.

Plaintiff contends his action concerns his constitutional rights of access to the courts and to his legal papers. The rest of his objection refers to "a potential compromise settlement" and reiterates his poor health as a basis for home confinement. [Pl.'s Obj., ECF No. 9.]

Specifically, the Magistrate Judge concludes that Plaintiff has no liberty interest in the terms of his imprisonment and that, regardless, the relief he requests, if available, is within the absolute discretion of the BOP.[2] The Plaintiff does not challenge the latter conclusion in his objection. The former conclusion is perhaps addressed to the extent Plaintiff clarifies that this case concerns his *general* access to the courts. The Court's duty to liberally construe Plaintiff's complaint, however, does not require that the Court read too much into it. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (1985) ("Principles requiring generous construction of *pro se* complaints . . . [do] not require . . . courts to conjure up questions never squarely presented to them."). Plaintiff makes no allegation of a violation of his right of access to the courts in his complaint, stating only that "it is not practical to transport all of th[e] boxes" containing his legal file. [Compl. 4, ECF No. 1.] He cannot use his objection to plead new claims or cure the defects of his existing claims against Defendant. *See* 28 U.S.C. § 636(b)(1)(C) (providing that objections must be to the "proposed findings and recommendations" of the Magistrate Judge); Fed. R. Civ. P. 72(b)(2) (same).

However, as a matter of caution, if the Court were to read Plaintiff's complaint in a way as to recognize that it raises a violation of his right of access to the courts, he still fails to state a claim upon which the Court can grant relief. Ignoring the question of whether the Court has the authority to grant the remedy he seeks,[3] the Court finds he alleges no facts to support a cognizable violation of his

---

[2] Plaintiff admits in his complaint that the BOP does not have the statutory authority to transfer him to home confinement until September 25, 2015. [Compl. 3, ECF No. 1.]
[3] If any *court* has the discretion to modify Plaintiff's sentence, then the appropriate court is the one

3

right of access. The Constitution's protection of a prisoner's access to the courts "affords only 'the *capability* of bringing contemplated challenges to sentences or conditions of confinement.' " *Giarratano v. Johnson*, 521 F.3d 298, 306 (4th Cir. 2008) (emphasis added) (quoting *Lewis v. Casey*, 518 U.S. 343, 356 (1996). Furthermore, as the Supreme Court makes clear in *Lewis*, a prisoner is required to show an actual injury. 518 U.S. at 349.

As the Magistrate Judge notes in his recommendation, Plaintiff does not properly demonstrate that Defendant is violating his federal rights, which include the capability of filing a meaningful § 2255 motion.[4] Plaintiff notes only that the BOP's existing policy regarding the storage of legal documents is insufficient to accommodate his "very large" legal file. [Compl. 4, ECF No. 1.] Despite this alleged shortcoming in prison policy, Plaintiff fails to demonstrate that it "hinder[s] his efforts to pursue a legal claim." *Lewis*, 518 U.S. at 351. His allegation of the general need for "effective access" to a large legal file is insufficient—especially in light of an alleged existing policy granting access to legal documents. Thus, without the allegation of a specific actual injury of the kind required by *Lewis*, Plaintiff fails to state a claim upon which the Court can grant relief.

---

that imposed the sentence. *See* 28 U.S.C. § 2255(a) ("A prisoner in custody under sentence of a court established by Act of Congress claiming . . . that the sentence . . . is otherwise subject to collateral attack[] may move the court which imposed the sentence to . . . correct the sentence."). Moreover, a district court "may not modify a term of imprisonment once imposed except" in certain circumstances. 18 U.S.C. 3582(c). Modifications, in those circumstances, are nevertheless contingent on a motion by the BOP, a motion pursuant to Fed. R. Crim. P. 35, or a motion claiming the sentencing range relied on at sentencing was subsequently lowered. *Id.*

[4] In fact, the Court takes judicial notice that Plaintiff filed his § 2255 motion on March 30, 2012, in the District Court for the Central District of California. *See* Mot. to Vacate., United States v. Sowell, No. 08-cr-01358-CAS (C.D. Cal. Mar. 30, 2012); Mot. to Vacate., United States v. Sowell, No. 02-cr-00215-CAS (C.D. Cal. Mar. 30, 2012).

**Conclusion**

The Court has thoroughly reviewed the entire record, including the R&R, objections to the R&R, and applicable law. For the reasons stated above and by the Magistrate Judge, the Court hereby overrules Plaintiff's objection and adopts the R&R of the Magistrate Judge.

**IT IS THEREFORE ORDERED** that Plaintiff's case is hereby **DISMISSED** *without prejudice*.

**IT IS SO ORDERED.**

                                                s/ R. Bryan Harwell
                                                R. Bryan Harwell
                                                United States District Judge

May 16, 2012
Florence, SC